Chen v. Whitaker

BIA
Poczter, IJ
A206 051 199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand nineteen.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
DENNY CHIN,
*Circuit Judges.*

_____

XIAOLIN CHEN,
*Petitioner,*

v.                                            17-1020
                                              NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:             Jim Li, Flushing, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General; Carl McIntyre,
                            Assistant Director; Nancy E.
                            Friedman, Senior Litigation
                            Counsel, Office of Immigration
                            Litigation, United States
                            Department of Justice, Washington,
                            DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Xiaolin Chen, a native and citizen of the People's Republic of China, seeks review of a March 14, 2017, decision of the BIA affirming a February 19, 2016, decision of an Immigration Judge ("IJ") pretermitting her asylum application as untimely. *In re Xiaolin Chen,* No. A206 051 199 (B.I.A. Mar 14, 2017), *aff'g* No. A206 051 199 (Immig. Ct. N.Y. City Feb. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to review the agency's pretermission of Chen's asylum application as untimely because she does not raise a colorable constitutional claim or question of law.* *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of

---

* The decision under review is final because the IJ issued a final grant of withholding of removal on July 12, 2018. *See Herrera-Molina v. Holder*, 597 F.3d 128, 132 (2d Cir. 2010) (finding jurisdiction where petition was filed from non-final order, but agency subsequently issued final ruling).

the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application may be considered outside the one-year deadline, however, "if the alien demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed "within a reasonable period given those circumstances," 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5).

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law." *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction or whether it instead raises a 'constitutional claim' or "question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of*

3

*Justice*, 471 F.3d 315, 329 (2d Cir. 2006). For jurisdiction to attach, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). We review constitutional claims and questions of law de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Chen argues that the agency erred as a matter of law in pretermitting asylum by deeming her father's arrest in July 2012 to be the date of her changed circumstances, rather than when her brother told her in early 2013 that Chinese authorities were seeking her out. This argument that the IJ erred in determining when changed circumstances that materially affected Chen's asylum eligibility occurred "merely quarrels over the correctness of the factual findings or justification for the discretionary choices," which we do not have jurisdiction to review. *Xiao Ji Chen*, 471 F.3d at 329; *see also Weinong Lin v. Holder*, 763 F.3d 244, 249 (2d Cir. 2014) (holding that agency must consider specific circumstances to determine whether "a change . . . has increased the petitioner's risk profile").

Nor did Chen state a colorable due process claim, which requires a showing "that she was denied a full and fair opportunity to present her claims" or "that the IJ or BIA

4

otherwise deprived her of fundamental fairness." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006). Chen contends that the IJ deprived her of due process by refusing to accept a late filed psychiatric report and refusing to allow the psychiatrist to testify. However, Chen did not engage a psychiatrist or submit the report until after her merits hearing. Accordingly, the IJ was within her discretion in declining to consider the evidence. *See* 8 C.F.R. § 1003.31(c) ("The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived."); *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) ("[A]n IJ has broad discretion to set and extend filing deadlines."). And there was no due process violation because Chen could have obtained the report earlier. *See Xiao Ji Chen*, 434 F.3d at 155. Moreover, Chen never offered the psychiatrist as a witness and the psychiatrist himself stated that he would not be available for any hearings.

For the foregoing reasons, the petition for review is

5

DISMISSED. As we have completed our review, any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk